UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTUS HEALTH CARE SYSTEMS, INC., and CHRISTUS SANTA ROSA HEALTH CARE CORPORATION,<br><br>      Plaintiffs,<br><br>vs.<br><br>AMERICAN CONSULTANTS RX INC., AMERICAN CONSULTANTS INC., and CHARLES MYRICK,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§   CV. NO. SA-12-CV-1221-DAE<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO STRIKE; (2) REQUIRING CORPORATE DEFENDANTS TO OBTAIN COUNSEL; (3) ORDERING DEFENDANT MYRICK TO AMEND HIS ANSWER AND SPECIAL APPEARANCE

Before the Court is Plaintiffs' Motion to Strike Defendants' Answer and Vacate Their Special Appearances. (Doc. # 14.) For the reasons that follow, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion; **ORDERS** Defendants American Consultants RX, Inc. and American Consultants, Inc. to obtain legal counsel within twenty (20) days of the entry of this Order; and **ORDERS** Defendant Myrick to amend his Answer and Special Appearance to comply with the Local Rules within twenty-eight (28) days of the entry of this Order.

1

BACKGROUND

Plaintiffs filed suit against Defendants on December 26, 2012, alleging violations of the Copyright Act, 17 U.S.C. § 101 et seq.; the Lanham Act, 18 U.S.C. § 1051 et seq.; and the Texas Business and Commerce Code § 16.29. (Doc. # 1.) Defendants American Consultants RX, Inc. ("ACRX") and American Consultants, Inc. ("ACIRX") are both for-profit corporations legally charted in the State of California. (See doc. # 14 Exs. A, B; doc. # 8 ¶¶ 3–5.) Defendant Charles Myrick is the President and CEO of both ACRX and ACIRX. (Doc. # 8 at 12.)

In response to the Complaint, Defendant Myrick made a "special appearance," stating that it was "solely for the limited purpose of filing an answer within the time prescribed by law." (Doc. # 7.) In his Answer, Myrick asserted that all three Defendants—ACRX, ACIRX, and Myrick—were appearing pro se. (Doc. # 8 at 12.) On March 11, 2013, Plaintiffs filed the Motion to Strike Answer to Complaint and Vacate Special Appearances that is now before the Court. (Doc. # 14.)

DISCUSSION

I.   A Corporation May Not Proceed Pro Se

A corporation is not permitted to proceed pro se in federal court. See Rowland v. Calif. Men's Colony, 506 U.S. 194, 201–02 (1993) (noting that it has been the law for almost two centuries that a corporation must only appear in

federal court through licensed counsel); Osborn v. Bank of the United States, 22 U.S. 738, 830 (1824) ("A corporation . . . can appear only by attorney, while a natural person may appear for himself."). Section 1654 of Title 28, United States Code, provides that parties may choose to plead and conduct their own cases personally or through counsel, but it "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland, 506 U.S. at 202. The Fifth Circuit has noted that

> [c]orporations and partnerships, by their very nature, are unable to represent themselves, and the consistent interpretation of Section 1654 is that the only proper representative of a corporation or partnership is a licensed attorney . . . regardless of how close his association with the corporation or partnership.

Sw. Express Co., Inc. v. ICC, 670 F.2d 53, 56 (5th Cir. 1982) (quoting Turner v. Am. Bar Ass'n, 407 F. Supp. 451, 476 (1975)). This is so even when the person seeking to represent the corporation is its president and major stockholder. In re K.M.A., Inc., 652 F.2d 398, 399 (5th Cir. 1981). When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims (if it is a plaintiff) or strike its defenses (if it is a defendant). See Donovan v. Road Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984).

        While Defendant Myrick, as an individual defendant, may appear pro se, the two corporate Defendants may not do so. Moreover, because Defendant Myrick is not a licensed attorney admitted to practice in the Western District of

3

Texas, he may not represent ACRX or ACIRX.  Accordingly, the Court **ORDERS** ACRX and ACIRX to obtain legal counsel and cause counsel to enter an appearance within twenty (20) days of the entry of this Order.  If licensed counsel has not entered an appearance on behalf of the corporate Defendants within that time, the Court will strike their Answer, vacate their Special Appearances, and conduct further proceedings in accordance with the law, including, but not limited to, entry of an order of default and/or default judgment.  <u>See, e.g.</u>, <u>Donovan</u>, 736 F.2d at 1006 ("Gordon declined to hire counsel to represent the corporation[,] so the district court properly struck the defenses of the corporation."); <u>PFK Bus. Sys., Inc. v. WWW.ZipWorld.com, Inc.</u>, No. CIV. A. 301CV1336L, 2002 WL 1285574, at *7 (N.D. Tex. 2002) (explaining that if the corporate plaintiff did not obtain counsel, the action would "proceed without [the corporation] having the benefit of counsel or being able to present evidence at trial, and the court [would] conduct all further proceedings without [the corporation's] participation").

II.     <u>Defendant Myrick Has Not Complied with the Rules of this Court</u>

The Local Rules provide that

> [a] pleading, motion, or other submission filed by an unrepresented party shall contain the party's mailing address, e-mail address, signature, and telephone and fax numbers, including area code.

Local Rule CV-10(c).  Neither Defendant Myrick's Special Appearance nor his Answer contains his mailing address, e-mail address, telephone number, or fax

number.  Without this information, Plaintiffs' attorneys would not be able to conduct the ordinary business that transpires between counsel on opposing sides of a civil matter, such as certifying to the Court, as required for non-dispositive motions, that they had conferred with Defendant in a good-faith attempt to resolve the matter and that an agreement could not be reached.  Accordingly, Defendant Myrick is **ORDERED** to amend his Answer and Special Appearance to comply with the Local Rules of this Court within twenty-eight (28) days of the entry of this Order.  If Defendant Myrick fails to do so, the Court will strike his Answer, vacate his Special Appearance, and conduct further proceedings in accordance with the law, including, but not limited to, entry of an order of default and/or default judgment.

## CONCLUSION

For the reasons given, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Strike Defendants' Answer and Vacate Their Special Appearances.  (Doc. # 14.)

The Court **ORDERS** Defendants American Consultants Rx, Inc. and American Consultants, Inc. to obtain legal counsel within **TWENTY** (20) days of the entry of this Order and cause them to enter an appearance before submitting any further filings in this matter.

The Court further **ORDERS** Defendant Myrick to amend his Special Appearance and Answer to comply with the Local Rules within **TWENTY-EIGHT** (28) days of the entry of this Order.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 18, 2013.

_____
David Alan Ezra
Senior United States District Judge